UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | CASE NO.   CR05-391 RSM |
| ) | |
| v. ) | |
| ) | |
| ) | DETENTION ORDER |
| HENRY ORLANDO CASTRO, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

Offense charged:

Conspiracy to Distribute Controlled Substances, in violation of Title 21, U.S.C.,

Sections 841(a)(1), 841(b)(1)(A), 841(b)(1)(B), 841(b)(1)(C), and 846.

Date of Detention Hearing: November 22, 2005.

The Court, having conducted a contested detention hearing pursuant to Title 18 U.S.C. § 3142(f), and based upon the factual findings and statement of reasons for detention hereafter set forth, finds that no condition or combination of conditions which the defendant can meet will reasonably assure the appearance of the defendant as required and the safety of any other person and the community.  The Government was represented by Ron Friedman and Rich Cohen.  The defendant was represented by Alison Holcomb.

The Government moved for detention, asserting that the defendant poses a very

DETENTION ORDER
PAGE -1-

significant flight risk. The Government maintains that the defendant played a significant role in the conspiracy as supported by wire tap surveillance, and that he has access to large sums of cash which may be used to facilitate flight. The defendant has no significant ties to Washington. However, the Government states that he does have ties to California and outside the United States. Further supporting its position of flight risk, the Government claims that the defendant has a history of noncompliance while on supervision in addition to numerous failures to appear.

The Government believes the defendant to be a risk of danger given the nature of the instant offense, which involves large quantities of cocaine (5-10 kilos), and the significant criminal history of the defendant, which includes burglary and drug charges.

The defense argues for release, asserting that the defendant did not play as large of a role as the Government purports. The defense suggests that the defendant was - if anything- merely a possible conduit. Supporting its position, the defense offers that the defendant did not receive large sums of cash; that he has no assets; and that he resides with his mother having strong ties to his family.

Additionally, the defense concedes that the defendant's criminal history reaches to the distant past, however asserts that most of the offenses are driving offenses. The defense rebuts the Government's accusation of substance abuse, stating that the defendant has had no arrests for drug use since 1990, and has no substance abuse now. The defendant is currently working for his mother and is taking the steps to be gainfully employed as a certified court-appointed interpreter.

FINDINGS OF FACT AND STATEMENT OF REASONS FOR DETENTION

    (1)    There is probable cause to believe the defendant committed the conspiracy drug offense. The maximum penalty is in excess of ten years. There is therefore a rebuttable presumption against the defendant's release based upon both dangerousness and flight risk, under Title 18

DETENTION ORDER
PAGE -2-

1    U.S.C. § 3142(e).

2    (2)    Nothing in this record satisfactorily rebuts the presumption against

3    release for several reasons:   Using the factors below, under Title 18 §

4    3142 (g), the Court considered the following:

5    (a)    The defendant poses a risk of flight as he has a history of failure

6    to appear and of noncompliance while on supervision; he has

7    access to large sums of cash which may be used to facilitate

8    flight; and he has no prospective employment or significant ties to

9    this district.

10    (b)    The defendant appears to have a history of substance abuse,

11    which further gives reason for concern of flight risk.  The

12    defendant has not admitted to substance abuse issues that the

13    Government finds to be relevant.

14    (c)    Due to the nature of the charges, in combination with the

15    defendant's criminal history, the Court finds the defendant to be a

16    risk of danger to the community.

17    (3)    Based upon the foregoing information, it appears that there is no

18    condition or combination of conditions that would reasonably assure

19    future Court appearances and/or the safety of other persons or the

20    community.

21    **It is therefore ORDERED**:

22    (l)    The defendant shall be detained pending trial and committed to the

23    custody of the Attorney General for confinement in a correction facility

24    separate, to the extent practicable, from persons awaiting or serving

25    sentences or being held in custody pending appeal;

26    (2)    The defendant shall be afforded reasonable opportunity for private

DETENTION ORDER
PAGE -3-

consultation with counsel;

(3)    On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility in which the defendant is confined shall deliver the defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding; and

(4)    The clerk shall direct copies of this order to counsel for the United States, to counsel for the defendant, to the United States Marshal, and to the United States Pretrial Services Officer.

DATED this 23rd day of November, 2005.


MONICA J. BENTON
United States Magistrate Judge

DETENTION ORDER
PAGE -4-